THE UNITED STATES DISTRICT COURT FOR
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| **GLORIA TRAHAN,** | ) | |
| Plaintiff, | ) ) ) | CASE NO. 3:22-CV-204-CHB _____ |
| v. | ) ) ) | |
| **ACADEMY SPORTS + OUTDOORS, LTD**<br>1800 North Mason Road<br>Katy, TX  77449 | ) ) ) ) ) ) | Removed from the Commonwealth of Kentucky Jefferson Circuit Court |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Defendant Academy, Ltd. d/b/a Academy Sports + Outdoors, improperly named Academy Sports + Outdoors, LTD, ("Academy") files this notice of removal pursuant to 28 U.S.C. §§ 1332 and 1441(a).

## I.
## INTRODUCTION

1. On March 14, 2022, Gloria Trahan ("Plaintiff") filed her Complaint in the Commonwealth of Kentucky Jefferson Circuit Court under Case No. 22-CI-001264.

2. In the Complaint, Plaintiff asserts claims for negligence/premises liability which she alleges caused her to suffer injuries primarily to her left knee and left leg.

4873-8972-2139.1

3. In Plaintiff's prayer for damages, Plaintiff specifically demands monetary damages consisting of compensatory damages, punitive damages, and prejudgment interest. Additionally, Plaintiff alleges that, as a result of Academy's allege acts or omissions, she "was caused to incur medical expenses both past and future, physical and mental pain and suffering both past and future, impaired capacity to earn, increased risk of harm, mental anguish and lost enjoyment of life."[1]

4. Pursuant to 28 U.S.C. § 1446(a), copies of all pleadings, orders, and other papers filed in the state court action and obtained by Academy will be submitted to this Court within 28 days.

## II.
## TIMELINESS OF REMOVAL

5. The suit was filed on March 14, 2022, and Academy was served via certified mail on March 17, 2022. This Notice of Removal has been filed within 30 days of service and is timely. *See* 28 U.S.C. § 1446(b).

## III.
## BASIS FOR REMOVAL: DIVERSITY JURISDICTION

6. This Court has original jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332 (diversity jurisdiction). The requirements for diversity jurisdiction are

---

[1] **Exhibit A** (Petition) at ¶ 7.

met, as Plaintiff and Academy are completely diverse in citizenship and the amount in controversy, exclusive of interests and costs, exceeds $75,000.00.

### A. Complete Diversity Exists

7. Plaintiff alleges that she is an individual residing in Shelbyville, Kentucky. Accordingly, Plaintiff is a citizen of Kentucky.

8. For purposes of removal based on diversity jurisdiction, a limited partnership like Academy shares the citizenship of its partners.[2] Neither partner of Academy is a citizen of Kentucky. The general partner of Academy is Academy Managing Co., LLC, a Texas limited liability company ("Managing Co."), and the limited partner of Academy is Associated Investors, LLC, a Texas limited liability company ("Associated Investors"). The sole member of each Associated Investors and Managing Co., is New Academy Holding Company, LLC, a Delaware limited liability company ("NAHC"). The sole member of NAHC is Academy Sports and Outdoors, Inc., a Delaware corporation ("ASO") that is publicly traded on the Nasdaq Global Select Exchange (ticker symbol: ASO). For purposes of removal predicated on diversity jurisdiction, a corporation like ASO, "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of

---

[2] *See V&M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010) ("A limited partnership is a citizen of each state in which its general and limited partners, including general and limited partners who are partners of other partners in [a] multi-tiered structure, hold citizenship." (alteration in original)); *Delay & Rosenthal Collins Grp, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) ("[A] limited liability company has the citizenship of each of its members." (alteration in original)).

the State or foreign state where it has its principal place of business."[3] The Supreme Court has expounded that "principal place of business," as that term is used in the diversity-jurisdiction statute, "is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities," i.e., the corporation's "nerve center."[4] ASO maintains its principal place of business, or "nerve center," in Katy, Texas. Consequently, for diversity-jurisdiction purposes, Academy is a citizen of both Delaware and Texas.

9. Because Plaintiff is a citizen of Kentucky, and Academy is not a citizen of Kentucky, complete diversity of the Parties exists.

### B. The Amount in Controversy Exceeds $75,000.00

10. In the Complaint, Plaintiff does not expressly plead an amount of damages, presumably because the Kentucky Rules of Civil Procedure require no such averment.[5] In a pre-suit demand letter dated January 17, 2022, however, Plaintiff demanded $135,000 from Academy to settle the claims that are made the basis of this lawsuit.[6] As the Sixth Circuit has observed, "[a] settlement demand letter is 'some evidence' regarding the amount in controversy."[7] As this Court has

---

[3] 28 U.S.C. § 1332(c)(1); *accord McGhee v. Hybrid Logistics, Inc.*, 599 F. App'x 259, 259 (6th Cir. 2015) (per curiam) (citing *Vaughn v. Holiday Inn Cleveland Coliseum*, 56 F. App'x 249, 250 (6th Cir. 2003)).
[4] *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010); *accord DeVore v. United Parcel Serv. Co. (Air)*, CA No. 3:21-CV-478-DJH, 2022 WL 509119 at *1 (W.D. Ky. Feb. 18, 2022).
[5] *See* **Exhibit A** (Complaint), at ¶ 9; *Hunt as Next Friend of D.W. v. Frank*, CA No. 1:20-CV-00035-GNS, 2020 WL 1816056, at *2 (W.D. Ky. Apr. 9, 2020) (citing Ky. R. Civ. P. 8.01(2)).
[6] **Exhibit B** (Demand Ltr).
[7] *Shupe v. Asplundh Tree Expert Co.*, 566 F. App'x 476, 480 (6th Cir. 2014).

recognized, there is a well-established line of cases in the Western District of Kentucky "stand[ing] for the proposition that a pre-litigation demand letter is relevant when determining whether a defendant knew that the amount in controversy exceeded $75,000."[8]

11.  Additionally, and as previously noted, in Plaintiff's prayer for damages, Plaintiff specifically demands monetary damages consisting of compensatory damages, punitive damages, and prejudgment interest.  Moreover, and again, Plaintiff alleges that, as a result of Academy's allege acts or omissions, she "was caused to incur medical expenses both past and future, physical and mental pain and suffering both past and future, impaired capacity to earn, increased risk of harm, mental anguish and lost enjoyment of life."[9]  In that vein, in Plaintiff's demand letter, she identifies, as of January 2022, nearly $34,000 in past damages—a number which necessarily does not include the future physical and mental pain, punitive damages, mental anguish, lost enjoyment of life, and impaired earning capacity.

12.  Consequently, the amount in controversy has been satisfied, and this case is removable.

---

[8] *Hunt*, 2020 WL 1816056 at *2 (citing *Clark v. Kroger Ltd P'ship I*, No. 5:15-CV-00189, 2015 WL 7871053 (W.D. Ky. Dec. 3, 2015); *Mozee v. Dugger*, 616 F. Supp. 2d 672, 674 (W.D. Ky. 2009)); *accord Conder v. Best Value, Inc.*, No. 3:08-CV-411-M, 2008 WL 4601915 at *2 (W.D. Ky. Oct. 15, 2008); *Osborne v. Pinsonneault*, CA No. 4:07-CV-2-M, 2007 WL 710131 at *2 (W.D. Ky. Mar. 2, 2007) (mem. op.).
[9] **Exhibit A** (Petition) at ¶ 7.

## IV.
## VENUE

13.     Venue is proper in the United States District Court for the Western District of Kentucky, pursuant to 28 U.S.C. § 1441(a) because Jefferson County, Kentucky is located within this District and cases arising from Jefferson County, Kentucky are properly assigned to the Western District of Kentucky.

## V.
## ADDITIONAL REQUIREMENTS

14.     Plaintiff demanded a jury trial in her state-court complaint.

15.     Pursuant to 28 U.S.C. § 1446(a), copies of all pleadings, orders, and other papers filed in the state court action and obtained by Academy are attached as **Exhibit C**.

16.     Pursuant to 28 U.S.C. § 1446(d), written notice of removal will be provided to Plaintiff and filed with the Clerk of the Jefferson Circuit Court in Louisville, Kentucky contemporaneously with this pleading, as shown by **Exhibit D**.

## **CONCLUSION**

Having satisfied the requirements for removal under 28 U.S.C. §§ 1441, and 1332, Academy gives notice that Case No. 22-CI-001264, pending in the Commonwealth of Kentucky Jefferson Circuit Court has been removed to this Court.

**Dated:**     April 15, 2022          Respectfully submitted,

/s/ Bryan Thomas
Bryan Thomas
Kentucky Bar No. 92962
BRADLEY ARANT BOULT CUMMINGS, LLP
Roundabout Plaza
1600 Division Street, Suite 700
Nashville, TN 37203
615.252.2340 (phone)
dbthomas@bradley.com
*Attorney for Defendant Academy, LTD*

## **CERTIFICATE OF SERVICE**

 I hereby certify that, on April 15, 2022, I caused a true and correct copy of the foregoing to be served via email on the following counsel of record for plaintiff:

William E. Cowley, III
COWLEY LAW OFFICE, PLLC
440 South 7th Street
Suite 100
Louisville, KY 40203
(502) 855-3142 (office)
(502) 470-9955 (fax)
will@cowley-law.com

                */s/ Bryan Thomas*
                Bryan Thomas